IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00532-PAB-BNB

WILLIS WILCOTT,

Plaintiff,

v.

PRESBYTERIAN ST. LUKE'S MEDICAL CENTER (HEALTH ONE),
PAULA J. WEISER, R.N., and
JANE DOE., R.N.,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

By an Order dated March 24, 2009 [Doc. # 3], a scheduling conference was set to occur in this case on May 21, 2009, at 8:30 a.m. Subsequently, I allowed plaintiff's counsel to withdraw. Order [Doc. # 11, filed 4/20/2009]. In connection with the motion to withdraw, plaintiff's counsel notified the plaintiff that he (the plaintiff) was obligated to prepare the case for trial or hire substitute counsel and that a scheduling conference had been set for May 21, 2009. Notification Letter [Doc. # 5-4] at ¶¶3 and 6. The Notification Letter also warned the plaintiff that "[i]f you fail or refuse to meet these burdens [of preparing the case and complying with court deadlines], you may suffer possible legal consequences, including a default or dismissal of your case." Id. at ¶4.

The plaintiff attended by telephone the hearing on the motion to withdraw. During that hearing, I reminded the plaintiff of his obligation to perfect service of process and of the date of

the scheduling conference.  The plaintiff indicated that he intended to hire substitute counsel within one week.

Notwithstanding the plaintiff's assurance that he would hire substitute counsel and the multiple warnings about his obligations in connection with the scheduling conference, no substitute counsel has entered an appearance and the plaintiff failed to attend the scheduling conference or contact the court about it in any way.  Consequently, on May 22, 2009, I entered an Order to Show Cause [Doc. # 12], requiring the plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with an order of the court.  I also warned the plaintiff that his failure to respond to the Order to Show Cause or his failure to show cause could result in a recommendation that the case be dismissed.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

The plaintiff has failed to prosecute this case; has failed to comply with the Order [Doc. # 3] setting the scheduling conference; and has failed to respond to my Order to Show Cause why the case should not be dismissed pursuant to D.C.COLO.LCivR 41.1.

I am guided by the following factors, set out in <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 921 (10th Cir. 1992), in deciding whether to recommend dismissal of the case as a sanction:

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4)

>     whether the court warned the party in advance that dismissal of the
>     action would be a likely sanction for noncompliance; and (5) the
>     efficacy of lesser sanctions.

(Internal quotation and citations omitted.)  After balancing these factors, I find that dismissal of the case without prejudice is the appropriate sanction.

The plaintiff, through his failures either to proceed *pro se* or to engage substitute counsel, has failed to prosecute his case and has brought these proceedings to a standstill.  That constitutes a substantial interference with the judicial process for which the plaintiff alone is responsible.  The plaintiff has been warned repeatedly that his failure to pursue the matter on his own or through substitute counsel could result in the dismissal of the action.  Because of the plaintiff's failure to participate in these proceedings at all, no lesser sanction would be effective.

I respectfully RECOMMEND that  the Order to Show Cause be made absolute and that this action be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute and failure to comply with orders of the court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir.

1996).

Dated June 9, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge